**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**Patricia Aldridge,
Petitioner Below, Petitioner**

**vs.) No. 21-0175** (Wayne County CC-50-2010-C-245)

**J.D. Sallaz, Superintendent, Lakin
Correctional Center,
Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Patricia Aldridge, by counsel Edward L. Bullman, appeals the Circuit Court of Wayne County's order denying her second petition for a writ of habeas corpus following her conviction for first-degree murder. Respondent J.D. Sallaz, Superintendent, Lakin Correctional Center, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in Wayne County Case No. 98-F-48, for assisting Mitchell Vickers in the November 2, 1998, killing of petitioner's husband. At the conclusion of the jury trial, petitioner was found guilty of first-degree murder without a recommendation of mercy and was sentenced accordingly. Petitioner appealed that verdict and sentence to this Court on November 8, 2000, but it was refused by order entered on March 7, 2001.[1]

---

[1] In that appeal, petitioner raised the following grounds: (1) failure to grant change of venue or venire; (2) failure to dismiss prospective juror due to prior knowledge of facts of the case; (3) introduction without notice or hearing of Rule 404(b) evidence; (4) error in admitting the testimony of Detective Pendleton to bolster witness Kawalski's testimony; (5) failure to grant motion for judgment of acquittal or to find accessory after the fact; (6) error in allowing the use of homemade Easter card as direct evidence instead of as impeachment evidence and without authentication; (7) failure to order new trial after uncovering exculpatory evidence; and (8) cumulative error.

1

Petitioner filed a petition for writ of habeas corpus in Wayne County Case No. 01-C-95, which was denied by the circuit court by order entered on March 2, 2005.[2] That denial was appealed to this Court, but it was refused by order entered on June 28, 2005. Petitioner later filed the instant underlying second petition for a writ of habeas corpus without the assistance of counsel, Wayne County Case No. 10-C-245, in 2010. The circuit court granted petitioner's motion to appoint counsel in July of 2011 and ordered that a new *Losh* list be submitted. The circuit court conducted an omnibus hearing on October 29, 2020, and entered its order denying petitioner's second habeas petition on February 10, 2021. In that order, the circuit court addressed each ground set forth in the petition. Below, petitioner first argued that because her direct appeal to this Court was refused without a full hearing her original assignments of error were not fully adjudicated so they were subject to habeas review. The circuit court concluded that the "underlying issues were appealed and the Supreme Court had every opportunity to evaluate those alleged errors. After doing so, the Court denied the appeal. Therefore, the issues raised in Ground One of the Petition are hereby DENIED."

Petitioner next argued that because her first habeas petition was decided without an evidentiary hearing, it was improper. The circuit court in the present habeas found that although courts are not required to hold evidentiary hearings on each issue, an evidentiary hearing was held on January 22, 2004. The circuit court determined that it was clear from the record that the issues petitioner argues in this habeas action were either waived or have been considered and ruled upon. The circuit court also addressed petitioner's allegations of ineffective assistance of counsel for failures regarding bifurcation and the presentation of evidence (or lack thereof). Pointing to the trial transcript, the habeas court found

> that the issues were, in fact, properly addressed by the trial court. On August 27, 1999[,] the Trial Transcript . . . the [c]ourt addresses a question from the jury, which makes clear their understanding of the mercy/no mercy decision before them:
>
>> THE COURT: All right. Question No. 1, it says, if found guilty of murder in the first degree, what's stipulates mercy or no mercy? I have written in response to that, the jury determines whether to recommend mercy or not based on the facts in the case.

According to the circuit court, petitioner's trial counsel affirmed that neither side objected to that response. Further, petitioner raised the issue of mitigation in her 2001 habeas; the circuit court pointed to her lengthy first habeas petition and her reply to respondent's response in that action. In addition, the circuit court in the instant habeas proceeding set forth language from the order

---

[2] Petitioner's first habeas petition alleged the following: (1) failure to grant change of venue; (2) denial of petitioner's right to a speedy trial; (3) admission of Rule 404(b) prior bad acts; (4) improper bolstering testimony; (5) admission of Easter card; (6) failure to grant motion for judgment of acquittal; and (7) newly discovered exculpatory evidence (witness Eric Hargis's statement to Kawalski). Petitioner's habeas counsel amended the petition to add claims of ineffective assistance of counsel by failing to voir dire the jury regarding mercy and failing to obtain a waiver of bifurcation.

denying petitioner's federal habeas action, which specifically addressed petitioner's contention that "counsel did not inform her of the meaning of a bifurcated trial; [] that not investigating the possible presence of Hargis was not reversible error; and [] that not hiring a crime scene expert was not reversible error." *Aldridge v. Ballard*, Civil Action No. 3:05-0827, 2009 WL 772933, at *6 (S.D.W. Va. Mar. 18, 2009).[3] With regard to bifurcation, the district court determined that it failed the *Strickland* test for prejudice.[4] As to the Hargis issue, it concluded that

> counsel can hardly be faulted for not investigating the presence of Hargis at the crime scene when they were unaware of that possibility until after the jury had begun to deliberate. More importantly, as explained above, the presence of Hargis at the crime scene in no way exculpates [petitioner] and the failure to pursue such an avenue of investigation could be excused on that ground.

Based on those previous actions and findings, the circuit court in the instant habeas action found that petitioner's allegations in this habeas had been previously decided or waived. It then went on to determine that there was "no merit to the argument for the same reasons set forth in the Federal decision rendered by Judge Chambers."

The circuit court further found that counsel's performance was objectively sufficient. According to the circuit court, petitioner's trial counsel, Robert Martin, testified at the omnibus hearing that he "[a]bsolutely" discussed all trial decisions after "consultation with [petitioner]" and that they "determined not to pursue a bifurcated trial." He further testified that their investigator, Mr. Losey, would "meet regularly [with petitioner] outside of trial during the trial to discuss how the trial was going and different strategic decisions." At the omnibus hearing, petitioner conceded "that really, it was up to me but they weren't recommending [bifurcation]." In addition, although petitioner argued that she was unaware of the potential penalty if convicted at trial, she testified at the omnibus hearing that "[t]he judge mentioned that [life without mercy] was one of the options of what the jury could find me guilty of." The circuit court, therefore, found that bifurcation issues were clearly discussed at trial in petitioner's presence and arguments regarding bifurcation were presented by habeas counsel and decided. In addition, it found that petitioner's trial and habeas counsel's performance comported with representation by a reasonable attorney in the same or

---

[3] Witness Eric Hargis was reportedly offered money to kill petitioner's husband but declined that offer. Following his testimony in petitioner's trial, there was information that Hargis may have been present at the time of the murder.

[4] "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *State v. Hutton*, 239 W. Va. 853, 806 S.E.2d 777 (2017).

similar circumstances. It determined that

> [e]ven if, *arguendo*, trial counsel should have more fully discussed the issue of bifurcation or habeas counsel should have argued these issues differently in the first habeas, satisfying the first prong of *Strickland* as objectively deficient, their performance fails to satisfy the second prong. Likewise, the testimony was that evidentiary issues were discussed with the Petitioner, but even if they were not, this Court finds no basis for Petitioner's argument that the outcome would have been different either way. In this case, there is <u>not</u> a reasonable probability that, but for counsel's alleged errors, the result of the proceedings at trial or at the last habeas would have been different. After a careful review of [p]etitioner's allegations this [c]ourt finds that the alleged errors that have not already been considered on appeal are insufficient to suggest a probable alternate outcome.

Petitioner appeals from the denial of her second habeas petition.

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because this appeal stems from the denial of petitioner's second petition, we must consider that

> [a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

Syl. Pt. 4, in part, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner asserts three assignments of error. First, she contends that she received ineffective assistance of trial counsel, including: a) counsel's failure to voir dire the jury on the issue of mercy; b) trial counsel's failure to present evidence supporting mercy to the jury or raise the issue of mercy with the jury during trial; c) trial counsel's failure to pursue bifurcation once raised when the court indicated it was inclined to allow bifurcation; d) trial counsel's failure to present a report that there was no forensic evidence of blood inside the van when the State's witness testified that petitioner had transported her bloody co-defendant in the van following the murder; and e) cumulative effect of counsel's errors.

Petitioner asserts that she was entitled to question potential jurors on voir dire to determine whether any of them are unalterably opposed to making a recommendation of mercy in the event they find petitioner guilty. Syl. Pt. 7, *State v. Williams*, 172 W. Va. 295, 305 S.E.2d 251 (1983). Petitioner argues that there was no justification for failing to conduct voir dire on the issue of

4

mercy, regardless of whether the strategy was to focus only on acquittal. Without citing authority, petitioner contends that such failure prevented her from learning if a juror was predisposed to not grant mercy if the evidence showed that the victim was murdered by a person having an affair with the victim's wife/petitioner, which was the State's theory of the case. With regard to bifurcation, petitioner asserts that while there may be strategic reasons a defendant may not want bifurcation, that was not the case here. During the omnibus hearing, trial counsel stated that he discussed bifurcation with petitioner and co-counsel during strategy sessions, but petitioner testified that no such sessions took place.

Petitioner next argues that counsel was constitutionally ineffective for failing to present evidence that there was no forensic evidence of blood inside the van when the State's witness testified petitioner had transported her bloody co-defendant in the van following the murder. Trial counsel filed a motion in limine to suppress a presumptive luminal test for blood. While a forensic report found blood on ten swabs submitted by the State, a hammer alleged to be the murder weapon, molding, a metal mud flap, and a pin, no blood was found anywhere else tested, including the floor mat. According to petitioner, the blood on the van became relevant during the initial investigation because the victim's "blood presence on the outside of the van parked outside the garage was inconsistent with a statement [from petitioner] that her husband moved the van outside of the garage onto the street earlier that morning before he left to do errands." Finally, she asserts that to ignore voir dire on that issue and not present evidence available to support mercy, made it impossible to receive mercy if convicted. Therefore, petitioner asserts there was cumulative error.

Initially, we note that petitioner's amended petition for a writ of habeas corpus filed in her first habeas action alleged ineffective assistance of counsel regarding voir dire on the issue of mercy, in addition to bifurcation issues.[5] Further, this Court has long held that

> [o]ur post-conviction habeas corpus statute, W.Va. Code § 53–4A–1 *et seq.* (1981 Replacement Vol.), clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with reasonable diligence, discover.

---

[5] When addressing petitioner's contention that she received ineffective assistance of counsel as to bifurcation, in her federal habeas action, the Southern District of West Virginia found as follows:

> [T]he Court would note that Petitioner's acknowledgment of her trial counsel's motion for a bifurcated trial changes the analysis from that performed by the magistrate. . . . The filing of the motion means that trial counsel did consider and investigate the option of bifurcation and indeed pursued it. Petitioner, therefore, is challenging her trial counsel for pursuing a strategy she would have had him take in hindsight. This fails the *Strickland* test for prejudice.

*Aldridge v. Ballard*, Civil Action No. 3:05-0827, 2009 WL 772933, at *6 (S.D.W. Va. Mar. 18, 2009).

Syl. Pt. 1, *Gibson v. Dale*, 173 W. Va. 681, 319 S.E.2d 806 (1984). Petitioner did not argue below and does not argue before this Court that she discovered any of these alleged issues subsequent to the filing of her direct appeal or first petition for a writ of habeas corpus. Thus, the issues that are not res judicata were known or with reasonable diligence could have been discovered by petitioner prior to the filing of her first habeas petition. For these reasons, we decline to address her assertion that she received ineffective assistance of trial counsel.

Petitioner next argues that she was denied due process by the withholding of information regarding the evidence that a key inculpatory witness, Eric Hargis, was present at the scene of the murder. In her brief, petitioner admits that she raised this issue in both her direct appeal and her first petition for a writ of habeas corpus, stating that she argues it here "since the error was argued again in the current habeas appealed to this Court." She points out that Hargis testified to seeing petitioner and Vickers after the murder and being solicited to murder petitioner's husband. Petitioner asserts that the error below was the circuit court's finding that while the evidence may have been helpful to the defense, it did not exonerate petitioner. Without citing law, petitioner argues that exoneration is not the standard. She also asserts that the failure to disclose the evidence cannot be held harmless and requires a new trial. Petitioner does not, however, assert that she discovered this evidence later, instead pointing to the circuit court's allegedly mistaken finding in its order denying petitioner's first petition for a writ of habeas corpus. That order was previously appealed to this Court. Therefore, we find that that issue is barred by the doctrine of res judicata.

In her final assignment of error, petitioner points to the following alleged errors that she argues are properly before this Court because, although they were included in previous appeals, those appeals were denied without the issuance of a memorandum decision or a full opinion from this Court: a) Error in admitting testimony of Det. Pendleton to bolster credibility of witness Shannon Kawalski; b) failure to grant motion for judgment of acquittal to find accessory after the fact; c) error in allowing the use of a homemade Easter card as direct evidence instead of impeachment evidence and without authentication; and d) cumulative error.[6] Without citing supporting authority, petitioner asserts that

> [s]ince there was no opinion regarding the issues through either an authored opinion, per curiam or memorandum opinion, these issues have not been finally ruled on and are still subject to appellate review. These issues were not reargued before the court below since the circuit court could not act as an appeal court of the previous rulings by the circuit court of equal jurisdiction.

As respondent argues, allegations regarding ordinary trial error are not cognizable in a habeas corpus proceeding. At the outset, petitioner admits that "[t]hese issues were not reargued before the court below [in petitioner's second habeas proceeding]." The extent of her argument in her amended petition for habeas relief was as follows: "All issues raised on appeal which have not had a final hearing." Thus, she seemed to abandon the issue altogether when she failed to address

---

[6] Some of these issues were raised and addressed in petitioner's petition for federal habeas relief, and the district court concluded that petitioner was not entitled to relief. *Aldridge v. Ballard*, 2009 WL 772933.

those issues in her omnibus habeas corpus hearing. We agree with respondent. As we recently set forth,

> "[u]nder the provisions of Chapter 53, Article 4A, Code of West Virginia, 1931, as amended, commonly known as 'Post-Conviction Habeas Corpus,' there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syllabus Point 1, *Ford v. Coiner,* 156 W. Va. 362, 196 S.E.2d 91 (1972). In addition, our law clearly supports the proposition that any grounds not raised in the petition for habeas corpus are deemed waived. *See generally Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981).

*Lewis v. Ames*, 242 W. Va. 405, 410, 836 S.E.2d 56, 61 (2019). Moreover, because petitioner readily admits that these arguments were not raised before the circuit court in her second petition for a writ of habeas corpus, instead only generally referencing issues raised in previous appeals, we are mindful of our finding that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). For these reasons, we decline to address the merits of petitioner's third assignment of error. The circuit court's February 10, 2021, order denying petitioner's second petition for a writ of habeas corpus is hereby affirmed.

Affirmed.

**ISSUED:** January 18, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton